FILED September 30, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001432907

BETH ANN R. YOUNG (SBN 143945)
GIL HOPENSTAND (SBN 225899)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Sidney B. Dunmore

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>DUNMORE HOMES, INC.,<br><br>Debtor and Debtor in Possession.<br><br>In re<br><br>DHI DEVELOPMENT aka DUNMORE HOMES aka DUNMORE HOMES LLC,<br><br>Debtor. | Case No. 08-20569-TCH<br><br>Chapter 11<br><br>DCN PSZ-023<br><br>Case No. 08-24442-TCH<br><br>Chapter 7<br><br>Date: October 7, 2008<br>Time: 2:30 pm<br>Place: Ctrm 33, 6th Floor<br>       United States Bankruptcy Court<br>       501 "I" Street<br>       Sacramento, CA<br>Judge: Honorable Thomas C. Holman |

**REPLY BRIEF IN SUPPORT OF JOINT MOTION
FOR AN ORDER APPROVING SETTLEMENT AGREEMENT AND
TOLLING AGREEMENT PURSUANT TO RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Sidney B. Dunmore ("Dunmore") hereby submits his Reply to the objections of Comerica Bank and Travelers Casualty and Surety Company of America to the Joint Motion for an Order Approving Settlement Agreement and Tolling Agreement Pursuant to Rule 9019 (the "Motion") and to augment, but not be duplicative of, the Reply Brief filed by The Dunmore Homes, Inc. Liquidation Trust ("Dunmore Homes"), as follows:

# I.
# SUMMARY OF ARGUMENT

In their haste to file objections to the Motion seeking to approve a heavily negotiated settlement between Dunmore, Dunmore Homes and DHI, both Comerica and Travelers mischaracterize the salient terms of the settlement, and fail to provide any evidence or legal authority to support their untenable positions. Accordingly, the objections should be overruled in their entirety and the Motion should be granted.

# II.
# COMERICA MISCHARACTERIZES
# THE SOURCE OF PAYMENT TO JMP AND AFFINITY

Here, the problem is that Comerica argues that it would be unfair for JMP and Affinity to get paid from the refund where JMP and Affinity do not hold a security interest which Comerica claims is to the detriment of other similarly situated creditors, or creditors with a secured claim in the refund. This is wrong for several reasons, including: (a) the source of payment is the Dunmore Homes' estate, and not the refund; (b) Comerica is not similarly situated to JMP and Affinity in this context because of the mutual claims held by JMP and Affinity against Dunmore and Dunmore Homes that are subject to offset rights on the lender receivable; and (c) the Note, amendments and DIP order specifically provide that disputes and claims regarding offset rights can be settled by the parties, and this is a settlement of those disputed claims regarding offsets and their treatment and impact on the balance of the lender receivable. Reduction of the lender receivable is not the only way in which these offset claims can be settled.

## III.

## COMERICA AND JMP/AFFINITY ARE NOT SIMILARLY SITUATED

Comerica is an unsecured creditor of the Dunmore Homes' estate, but JMP and Affinity are secured creditors of Dunmore individually, as well as mutual creditors of Dunmore Homes on claims guaranteed by Dunmore, or co-guaranteed by Dunmore as the case may be, which triggers offset rights in favor of Dunmore. This essentially elevates the impact of these creditors' claims in the Dunmore Homes' estate too. However, more importantly, the payment to these creditors under the settlement is not pursuant to the allowance of their claim in Dunmore Homes' estate, but rather in the context of the Liquidating Trustee's authority under the Plan to compromise claim objections and other actions commenced by Debtor or the Liquidating Trustee.

## IV.

## EQUITY IN OTHER DUNMORE ASSETS

## IS MADE AVAILABLE THROUGH THE SETTLEMENT

Comerica erroneously contends that the proposed settlement promotes a fraudulent conveyance upon other creditors of Dunmore. However, the fact of the matter is that where both JMP and Affinity hold assets of Dunmore as collateral for these payments, any payment to JMP and Affinity causes those liens on Dunmore's real property interests to be reduced accordingly. It is incorrect to assert that Affinity keeps a $3,000,000 lien on the real property and also gets paid $1,507,000. As a consequence of payment to Affinity, Affinity's lien is reduced accordingly. (See Watts Declaration filed herewith). Similarly, JMP is also required to reduce the amount of its lien following any payment under the settlement. (See Shapiro Declaration filed herewith.) Thus, equity in those Dunmore assets are made available through this settlement where the consequence of the payments is the release or reduction of the liens.

Finally, since all payments to JMP and Affinity are being made in exchange for value and release of collateral, there cannot be any alleged "fraudulent transfer" as a matter of law.

## V.

## DUNMORE HAS LONG AGO PROVIDED COPIES OF DUNMORE'S TAX RETURNS AND A CURRENT FINANCIAL STATEMENT TO THE COMMITTEE, LIQUIDATING TRUSTEE AND DHI TRUSTEE

In August, 2008, Dunmore produced his 2005, 2006 and 2007 tax returns to the Creditors Committee counsel, Adam Lewis, and prior to that, in May 2008, Mr. Dunmore's personal Financial Statement signed under penalty of perjury. (See, Young Declaration at ¶ 3 and ¶ 4, filed herewith.) Thus the Committee (of which Travelers was a member) knew of this financial information and that it had been provided to the Creditors Committee long ago. It is disingenuous for Travelers to claim that Travelers has no knowledge of whether Mr. Dunmore's tax return was even filed, or that the estate has no information regarding Dunmore's financial condition. And as far as a deposition of Dunmore, the Committee has never requested a new deposition date after Dunmore's Motion for Protective Order was granted in June 2008, and after the tax returns and Financial Statement were provided to the Committee's counsel. (See, Young Declaration at ¶ 4.)

## VI.

## DUNMORE OWNS THE CLAIMS SETTLED WITH DUNMORE HOMES AND THE DHI TRUSTEE

Remarkably, without any foundation, evidence or legal authority, Travelers contends that Dunmore does not own those claims subject to the settlement with either Dunmore Homes or the DHI Trustee. For reasons that only become clear upon a review of the Indemnity Agreement, which Travelers noticeably failed to provide to the Court, there is no assignment to

4

Travelers of any of the claims that are the subject of this settlement, but rather only a security interest. This is fatal to Traveler's objection. The numerous problems with Travelers' contention on this point are at least four-fold:

**First,** the parties' agreement as reflected in the settlement which relates to the loan balance owing to Dunmore Homes by Dunmore is not "any and all sums due or which may hereafter become due under any contract," as alleged by Travelers at page 3, lines 12-14 of the Travelers' opposition, and thus, is not a contract claim that could even be the subject of a security interest in favor of Travelers, since it is an obligation owing by Dunmore, not to Dunmore.

**Second,** Dunmore's preference and fraudulent conveyance bankruptcy claims being settled herein do not yet exist because Dunmore has not filed a bankruptcy case, and in any event, those claims are based upon statutes and not any existing contracts between the parties. However, the case cited by Travelers, In re Enserv. Inc., 64 BR 518 (9th Cir. 1986), is both factually and legally distinguishable and does not defeat Dunmore's ownership of the claims being settled. Specifically, in Enserv, the funds recovered by the bankruptcy estate through the preference action were deemed the Bank's collateral **before they were levied upon** by the judgment creditor who was named in the preference action; the Bank did not recover those funds by claiming that the preference claims had been assigned to the Bank, but rather that the levied funds were the Bank's collateral (maintained in deposit accounts at the Bank) for the outstanding loan pursuant to a security agreement. This is a significant difference that Travelers completely ignores, but in any event, defeats Travelers' objection.

**Third,** the contract claims Travelers refers to in paragraph 6 of the Indemnity Agreement (as noted by Travelers) relate only to the underlying Bond and the completion of work under Contracts related to the Bond. In fact, even the case cited by Travelers (In re Jones

Const. & Renovation, Inc., 337 BR 579 (Bankr. ED Va. 2006) relates to the assignment of sums due under certain construction contracts. Specifically, in Jones, the indemnity agreement in issue assigned rights under any underwritten construction contract and provided for the transfer upon default of all sums due under the contracts, including any remaining contract funds held by the obligors under the contracts, which is not the situation here.

**Fourth**, if and to the extent that Travelers obtained a security interest in any claims in favor of Dunmore (which Dunmore disputes), this is distinguished from an absolute assignment by Dunmore of those claims to Travelers, since a security interest does not effect a transfer of the owner's interests in the property, and only secures payment or performance of an obligation. (See, In re Contractors Equipment Supply Co., 861 F2d 241, 245 (9th Cir. 1988).) Notably, Travelers does not provide any evidence of the absolute assignment, and instead, relies exclusively upon the Indemnity Agreement, which by itself at paragraph 12, confirms that at best, Travelers obtained a security interest in certain property of Dunmore. Accordingly, Dunmore owns the claims being settled with Dunmore Homes and the DHI Trustee.

## VII.

## CONCLUSION

Based upon the foregoing, and good cause appearing thereon, Dunmore respectfully requests that the Court grant the Motion approving the settlement agreement.

Dated: September 30, 2008          LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.


By:_____/s/ Beth Ann R. Young_____
BETH ANN R. YOUNG
GIL HOPENSTAND
Attorneys for Sidney B. Dunmore