
FILED
January 26, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001627645

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE BANKRUPTCY OF ) <br> ) <br> DUNMORE HOMES, INC., ) <br> ) <br> DEBTORS. ) <br> _____) | No. 08-20569-B-11 <br> PSZ #26 |
| IN THE RELATED BANKRUPTCY MATTER OF ) <br> ) <br> DHI DEVELOPMENT, ) <br> ) <br> DEBTORS. ) <br> _____) | No. 08-24442-B-11 <br> PSZ #1 |

---oOo---

Reporter's Transcript

DECEMBER 9, 2008
_____

Proceedings held at 9:30 a.m. at the United States
Federal Courthouse, Sacramento, California

Honorable Thomas Holman Presiding

---oOo---

Reported by:   Patricia A. Hernandez, CSR #6875

DIAMOND COURT REPORTERS   (916) 498-9288

A P P E A R A N C E S
_ _ _ _ _ _ _ _ _ _ _

```
FOR THE LIQUIDATING TRUSTEE:      RICHARD PACHULSKI
                                  Attorney at Law
                                  (Appearing telephonically)


FOR THE CHAPTER 7 TRUSTEE
TOM ASITUNO:                      Christopher Hughes
                                  Attorney at Law



FOR SIDNEY DUNMORE:               BETH YOUNG
                                  Attorney at Law
                                  (Appearing telephonically)



FOR TRAVELERS CASUALTY
AND SURETY COMPANY:               DONALD COLUCCI
                                  Attorney at Law



FOR COMERICA BANK:                GERALDINE FREEMAN
                                  Attorney at Law



FOR JMP SECURITIES:               FRANK PEPLER
                                  Attorney at Law
                                  (Appearing telephonically)
```

DIAMOND COURT REPORTERS   (916) 498-9288

1

1              ---oOo---

2         DECEMBER 9, 2008

3           PROCEEDINGS

4              ---oOo---

5         THE COURT: I'm going to take item 171, PSZ-26, motion to

6    alter or amend settlement agreement.

7         MR. PACHULSKI: It's the same argument on both, your

8    Honor, so I am happy to make that argument. It's the exact same

```
 9   on both 171 and 172.
10           THE COURT:  Well, I just need appearances.  That's what I
11   need.
12           MR. PACHULSKI:  I apologize.  Richard Pachulski on behalf
13   of the liquidating trustee.
14           MS. YOUNG:  Good morning.  Beth Young on behalf of Sidney
15   Dunmore.
16           MR. PEPLER:  Good morning.  Frank Pepler appearing
17   telephonically on behalf of JMP Securities.
18           THE COURT:  Who was that?
19           MR. PEPLER:  Frank Pepler.
20           THE COURT:  Pepler.  That's the problem line.
21   Okay.  Who else?  Who are you appearing for?
22           MR. COLUCCI:  Yes, your Honor.  Donald Colucci appearing
23   on behalf of Travelers.
24           MS. FREEMAN:  Your Honor, Geraldine Freeman appearing on
25   behalf of Comerica Bank.
```

DIAMOND COURT REPORTERS    (916) 498-9288

2

```
 1           MR. HUGHES:  Your Honor, one more appearance.  I'm sorry.
 2   Christopher Hughes appearing for Tom Asituno, the Chapter 7
 3   Trustee for DHI Development.
 4           THE COURT:  These are appearances in both 171 and 172?
 5           MS. HUGHES:  Correct, your Honor.
 6           MR. PACHULSKI:  Correct, your Honor.
 7           THE COURT:  All right.  Well, I have read the papers.
 8   I'm generally familiar with what this is all about so I don't
 9   need a full recitation of that.  Let me just make a statement
10   first and then you can go on.
11           MR. PACHULSKI:  Sure.  Thank you, your Honor.
12           THE COURT:  Okay.  When this came on for hearing I
13   originally thought it was going to be continued because of the
```

14  holding agreement aspect of it upon which I wanted further
15  briefing.
16          Then the tolling aspect of it got withdrawn so we went
17  ahead and considered the settlement, and in connection with the
18  settlement what I was concerned about was some parties agreeing
19  to a settlement and getting it approved by the Court and thereby
20  purporting to affect the lien rights of parties who are not
21  parties to the settlement.  That was what was troubling me, and
22  so the ruling ended up as it did.
23          I guess this is -- this motion is really what did all of
24  that mean in your mind; right?
25          MR. PACHULSKI:  That's fair, your Honor.  Yes, I think

1   that is a very fair comment.  I think that the order that was
2   submitted basically is based on your Honor's comments, and I
3   think that an additional settlement process is unfair based
4   on what was submitted, but I don't think that that was your
5   intent.
6           THE COURT:  Well, my intent was simply that in order to
7   determine the validity extent and the extent of an adversary
8   proceeding is required, and I don't think that you can avoid
9   that requirement by entering into a settlement and calling an
10  order entering into settlement under 1019 an adversary agreement
11  to determined someone else's lien rights.
12          MR. PACHULSKI:  I couldn't agree more.  I absolutely
13  agree with that.  That is part of why we filed our motion to
14  alter or amend was because I think what Comerica submitted
15  sought a lot more than that and what you just said.
16          THE COURT:  Okay.  Well, I'm just giving you -- I'm kind
17  of giving you a historical summary from my perspective of what
18  went on at the prior hearing, and I don't strongly -- I don't
19  have any problem amending the order to say that anyone who is

20   not a party to this settlement agreement could contest the
21   amount of the Dunmore note if that is part and parcel of them
22   asser